UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH VILCHEZ LAUE                                      CIVIL ACTION

VERSUS                                                   NO. 12-2936-SS

SHERIFF MARLIN GUSMAN

## ORDER AND REASONS

Plaintiff, Joseph Laue, filed this civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman. In this lawsuit, plaintiff claims that he was denied adequate medical care while incarcerated within the Orleans Parish Prison system.[1]

Sheriff Gusman has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] Plaintiff was ordered to file an opposition to that motion by July 10, 2013;[3] however, no such opposition has been filed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

---

[1] After this lawsuit was filed, plaintiff was transferred and is currently incarcerated at the Richwood Correctional Center in Richwood, Louisiana. Rec. Doc. 22.

[2] Rec. Doc. 20.

[3] Rec. Doc. 21.

[4] Rec. Doc. 13.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 477 U.S. 317, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In the instant case, plaintiff states his claim as follows:

> On Aug. 23, 2012 I was arrested for poss. of Sch. I (Heroin) and drug para. While being booked I seen a nurse, informed her of my chemical dependencies - Ignored I had a seizure from withdrawals of benzodiazepine and heroin, broke my front tooth. I have requested medical/dental attention for over 3 months to NO avail.[5]

Sheriff Gusman, the sole defendant in this lawsuit, argues that a proper claim has not been stated against him in either his official or individual capacity. For the following reasons, he is clearly correct.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Gusman would in reality be a claim against the local governmental entity he serves. However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL

---

[5]   Rec. Doc. 3, pp. 4-5.

5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper claim against Sheriff Gusman in his official capacity.

To the extent that he intended to assert an individual-capacity claim against Sheriff Gusman, plaintiff has again failed to state a proper claim. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff neither makes any factual allegations against Sheriff Gusman nor alleges that he was in any way personally involved in the events giving rise to plaintiff's claims. Therefore, no individual-capacity claim has been properly stated against the sheriff.[6]

Accordingly, for all of the foregoing reasons,

---

[6] Moreover, Court notes that Sheriff Gusman cannot be held vicariously liable for the actions of his subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

4

**IT IS ORDERED** that Sheriff Gusman's motion for summary judgment, Rec. Doc. 20, is **GRANTED** and that the claims against him are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this nineteenth day of July, 2013.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**